**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER IBARRA-PINO,

Defendant - Appellant.

No. 10-50341

D.C. No. 3:09-cr-03768-L-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, Senior District Judge, Presiding

Argued and Submitted June 10, 2011
Pasadena, California

Before: KOZINSKI, Chief Judge, IKUTA, Circuit Judge, and BOLTON, District
Judge.[**]

Christopher Ibarra-Pino ("Ibarra") appeals his jury conviction and sentence for

importation of marijuana in violation of 21 U.S.C. §§ 952 and 960 and possession of

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Susan R. Bolton, United States District Judge for the
District of Arizona, sitting by designation.

marijuana in violation of 21 U.S.C. § 841(a)(1). In a separate opinion filed concurrently with this memorandum disposition, we affirm the district court's rulings on Ibarra's duress defense. With respect to Ibarra's other arguments, we also affirm.

First, the district court did not abuse its discretion by excluding evidence related to the culpability of a third party. The probative value of the excluded evidence was low, and the evidence presented a danger of unfair prejudice. *See United States v. Waters*, 627 F.3d 345, 353 (9th Cir. 2010). Even if the district court improperly excluded relevant evidence, any error was harmless as it is more likely than not that exclusion of the evidence did not materially affect the verdict. *See id.* at 358. Further, exclusion of the evidence did not violate Ibarra's constitutional right to present a defense because the district court's rulings did not prevent him from presenting important evidence that would have "added substantially" to the jury's knowledge. *See United States v. Lopez-Alvarez*, 970 F.2d 583, 588 (9th Cir. 1992); *cf. United States v. Stever*, 603 F.3d 747, 755-57 (9th Cir. 2010).

Second, any prosecutorial misconduct here does not require reversal. Although the prosecutor's questioning elicited improper testimony concerning Ibarra's credibility, the improper testimony does not warrant reversal because it is not likely that the testimony materially affected the fairness of the trial. *See United States v. Wright*, 625 F.3d 583, 613 (9th Cir. 2010) (citing *United States v. Hermanek*, 289 F.3d

2

1076, 1102 (9th Cir. 2002)). Additionally, the prosecutor did not commit misconduct by stating in closing that the defense could have presented the video recording referenced by defense counsel in closing argument. The prosecutor's statement was accurate and did not amount to misconduct. *Cf. United States v. Cabrera*, 201 F.3d 1243, 1250 (9th Cir. 2000).

Finally, the district court did not err in sentencing Ibarra. Nothing in the record indicates that the decision to deny Ibarra's requested downward departure was based on an incorrect understanding of the Sentencing Guidelines. *See United States v. Pizzichiello*, 272 F.3d 1232, 1239 (9th Cir. 2001). Moreover, after *United States v. Booker*, 543 U.S. 220 (2005), we have held that we do not review a district court's downward or upward departures for errors, but only consider the overall sentence for substantive reasonableness, *United States v. Mohamed*, 459 F.3d 979, 986-87 (9th Cir. 2006), a standard satisfied here, *see United States v. Carty*, 520 F.3d 984, 993-94 (9th Cir. 2008) (en banc). In addition, the district court did not commit procedural error by selecting a sentence based on clearly erroneous facts; the district court explicitly stated that it did not consider a non-existent prior conviction in determining the appropriate sentence and sentenced Ibarra below the suggested Guidelines range. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**